**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID M. GRECO,<br><br>    Plaintiff,<br><br>  v.<br><br>GUBIR S. GREWAL, *et al.*,<br><br>    Defendants. | Case No. 3:19-cv-19145 (BRM) (TJB)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court is Plaintiff David M. Greco's ("Plaintiff") Second Motion for Class Certification. (ECF No. 59.) Defendants New Jersey Attorney General Gubir S. Grewal, Jared M. Maples, and the New Jersey Office of Homeland Security and Preparedness ("New Jersey OHSP") (collectively, the "State Defendants"), and the Camden County Prosecutor's Office, Jill S. Mayer, and Nevan Soumails (collectively, the "County Defendants") opposed the Motion. (ECF No. 67.) Defendants Gloucester Township Police Department, Bernard John Dougherty, Nicholas C. Aumendo, Donald B. Gansky, William Daniel Rapp, and Brian Anthony Turchi (collectively, the "Township Defendants" and with State and County Defendants, "Defendants")[1] filed letter correspondence joining and adopting the legal arguments advanced by the State and

---

[1] Plaintiff also names John Doe Nos. 1–10 as Defendants. (ECF No. 1 at 2.) John Doe No. 1 is described as, "a name for the yet to be identified person(s) who anonymously identified themselves on September 5, 2019 only with the pseudonym(s) 'NEW JERSEY HOMELAND SECURITY' and 'PDPACE2.'" (*Id.* at 9) (capitalization in original). John Does Nos. 2–10 are identified as, "fictious names for yet to be identified persons or entities that participated and/or conspired with the other named Defendants to violate Plaintiff[']s Federal Constitutional Rights." (*Id.* at 10.)

County Defendants and providing limited briefing of their own. (ECF No. 68.) Plaintiff replied to Defendants' oppositions in a single filing. (ECF No. 70.)

The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below and for good cause appearing, Plaintiff's Second Motion for Class Certification is **DENIED**.

## I. BACKGROUND

### A. Factual Background[2]

The New Jersey Extreme Risk Protective Order Act of 2018 (the "ERPO Act"), N.J. Stat. Ann. §§ 2C:58-20 *et seq.*, was signed into law on June 13, 2018. (ECF No. 1 at 10.) The ERPO Act allows a qualified petitioner to request that a state court issue a Temporary Extreme Risk Protection Order ("TERPO") preventing a respondent from, *inter alia*, possessing firearms and ammunition for a limited period of time. § 2C:58-23(g). In their filing with the court, a petitioner must allege "the respondent poses a significant danger of bodily injury to self or others by having custody or control of, owning, possessing, purchasing, or receiving a firearm." *Id.* § 2C:58-23(a). Under the statute, a family member, household member, or law enforcement officer are the only individuals qualified to petition for the entry of a TERPO. *Id.* § 2C:58-21. A TERPO shall be issued if the court finds "*good cause* to believe that the respondent poses an immediate and present danger of causing bodily injury to [themselves] or others" because they own or possess a firearm. *Id.* § 2C:58-23(e) (emphasis added). A TERPO prohibits the respondent from "having custody or control of, owning, purchasing, possessing, or receiving firearms or ammunition" for the duration of the order. *Id.* § 2C:58-23(g). It further requires a respondent to surrender any firearms and

---

[2] The Court incorporates, in large part, its recitation of the facts contained its February 21, 2020 Opinion. (ECF No. 57.)

2

ammunition they own or otherwise possess to law enforcement officers. *Id.* If a TERPO is entered, the issuing court forwards a copy of the order to the appropriate law enforcement agency which serves it upon the respondent "immediately, or as soon as practicable." *Id.* § 2C:58-23(i)(2). If the petition indicated the respondent owns or possesses firearms, "the court shall issue a search warrant" contemporaneously with the TERPO. *Id.* § 2C:58-26(b). Within 10 days of the filing of the petition, the court will hold a hearing to decide whether to issue a Final Extreme Risk Protective Order ("FERPO"). *Id.* § 2C:58-24(a). After its issuance, a FERPO may be terminated at any time if the respondent shows by a preponderance of the evidence that they "no longer pose[] a significant danger of causing bodily injury" to themselves or others. *Id.* § 2C:58-25.

On August 12, 2019, the New Jersey Administrative Office of the Courts issued "Directive #19-19" (the "AOC Directive"),[3] promulgating guidelines for the issuance of TERPOs. (ECF No. 1, Ex. B.) The AOC Directive noted that while the statutory language of the ERPO Act uses the phrase "good cause," a TERPO can only be issued upon a showing of probable cause. (*Id.* at 6.) Similarly, on August 15, 2019, Attorney General Grewal issued "Law Enforcement Directive

---

[3] Directives from the New Jersey Administrative Office of the Courts have the force of law. *See S.M. v. K.M.*, 81 A.3d 723, 728 n.2 (N.J. Super. Ct. App. Div. 2013); *see also State v. Morales*, 915 A.2d 1090, 1091 (N.J. Super. Ct. App. Div. 2007); N.J. Ct. R. 1:33-3.

3

No. 2019-2" (the "AG Directive")[4] which reiterated that the probable cause standard determines whether a search warrant can be issued in conjunction with a TERPO. (ECF No. 1, Ex. C.)[5,6]

By the plain language of the statute, the ERPO Act was effective as of September 1, 2019. *Id.* § 2C:58-20. On September 5, 2019, a petition for a TERPO (the "Petition") was filed against Plaintiff. (ECF No. 1 ¶ 41.) The Petition identified "New Jersey Department of Homeland Security" as the petitioner. (ECF No. 1, Ex. D at 1.) No named individual was listed under the heading "Petitioner's Information" and the field under "Relationship to Respondent" was filled in with, "PEPD – PETITIONER LAW-ENFORCEMENT OFFICER."[7] (*Id.*) On the petitioner's

---

[4] Directives from the Attorney General have "the force of law for police entities" and are "binding and enforceable on local law enforcement agencies." *O'Shea v. Twp. of W. Milford*, 982 A.2d 459, 465–466 (N.J. Super. Ct. App. Div. 2009); *see also Seidle v. Neptune Twp.*, No. 17-4428, 2019 WL 5685731, at *18 (D.N.J. Oct. 31, 2019).

[5] The AG Directive further states that in instances where law enforcement officers only have good cause to believe that the respondent poses an immediate risk of causing bodily injury, they "may still seek a TERPO petition and order, but *not* a search warrant." (ECF No. 1, Ex. C at 5) (emphasis added).

[6] The AOC Directive and AG Directive were issued in response to the New Jersey State Supreme Court's holding in *State v. Hemenway*. 216 A.3d 118 (N.J. 2019). In *Hemenway*, law enforcement officers executed a search warrant on Hemenway's home stemming from a temporary restraining order issued under the Prevention of Domestic Violence Act ("PDVA"), N.J. Stat. Ann. §§ 2C:25-17 *et seq*. *Id.* at 121. The PDVA "empowers a judge . . . to enter an order authorizing the police to search for and seize . . . weapons that may pose a threat to the victim." *Id.* at 120. Much like the ERPO Act, the statutory text of the PDVA allows a search warrant to be issued upon a showing of "good cause." *Id.* at 128. During their search of Hemenway's home, law enforcement officers recovered various quantities of illegal narcotics and Hemenway was subsequently charged with drug offenses. *Id.* The New Jersey Supreme Court reversed the Superior Court's denial of Hemenway's motion to suppress the fruits of the search. *Id.* at 121. The court held the "good cause" standard upon which the search warrant was issued was impermissibly lesser than the constitutionally required standard of "probable cause." *Id.*

[7] State Defendants identify the petitioner as "a law enforcement officer with the New Jersey OHSP." (ECF No. 32 at 10.)

4

signature line, "NEW JERSEY HOMELAND SECURITY" was typed in. (*Id.* at 2.) The Petition referenced several of Plaintiff's previous arrests and included the following:

> Information was recently obtained, through FBI contacts, that David Greco is involved in online anti-Semitism. Greco was found to be in contact with the Pittsburgh synagogue shooter, before the mass shooting that took place in October 2018. After the recent August 2019 mass shootings in both Ohio and El Paso, precautions were taken and contact was made with Greco. In coordination with the FBI, officers reached out to Greco in regards to recent posts on the social media site Gab.com. All previous social media accounts were blocked due to the nature of the content. While talking to Greco, he appeared extremely intelligent to officers and did not mention acting on any violent behavior toward Jews. His behavior was methodical and focused on facts, specifically from Nazi Germany. Greco believes that force or violence is necessary to realign society. Greco frequently mentioned his disdained [sic] for the Jewish Talmud and how he believes that Jews are raping our women and children.

(*Id.*)[8]

An *ex parte* TERPO hearing was held before the Hon. Edward McBride, J.S.C., on September 6, 2019. (ECF No. 1 ¶ 50.) In addition to the Petition, Judge McBride considered the live testimony of an New Jersey OHSP Agent, "copies of social media posts from 'Gab.com,' reports from [the] FBI and GTPD" printouts of other social media posts made by Plaintiff. (ECF No. 1, Ex. E at 1.) The court found Plaintiff had previously "threatened, advocated, and celebrated the killing of Jewish people and has celebrated the mass shootings in Pittsburgh and New Zealand" in public social media posts. (*Id.*) The court further noted Plaintiff was "extremely agitated and angry" when law enforcement officers went to speak with him about the posts and that he had a history of "threats or acts of violence directed towards self or others." (*Id.* at 3.) On this record, the court granted the Petition and issued a "no-knock" search warrant for Plaintiff's residence. (*Id.*

---

[8] The Petition and several other relevant exhibits contain fields where text has been typed in all caps. For ease of reading, the Court has converted the text to sentence case when quoting from these exhibits. For brevity, future alterations of the same kind are not noted.