**PLAINTIFF'S CLAIMS ARE BARRED BY THE NEW JERSEY TORT CLAIMS ACT**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| DAVID GRECO,<br><br>     Plaintiff,<br><br>v.<br><br>DET. LAUREN LAIELLI, SERGEANT FRANK PACE, NEW JERSEY OFFICE OF HOMELAND SECURITY AND PREPAREDNESS<br><br>     Defendants. | Civil Action No.<br>1:22-cv-04058-RMB-EAP<br><br>**DOCUMENT FILED**<br>**ELECTRONICALLY** |

BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN LIEU OF AN ANSWER ON BEHALF OF DEFENDANT, NEW JERSEY OFFICE OF HOMELAND SECURITY AND PREPAREDNESS

MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street, PO Box 116
Trenton, NJ 08625-0116
*Attorneys for Defendant New Jersey Office of Homeland Security and Preparedness*

Christine A. Barris
(014622007)
Deputy Attorney General
     On the Brief

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..........................................ii

PRELIMINARY STATEMENT................**Error! Bookmark not defined.**

STATEMENT OF FACTS AND PROCEDURAL HISTORY......................1

STANDARD OF REVIEW.............................................4

    A. Rule 12(b)(1).........................................4

    B. Rule 12(b)(6).........................................5

ARGUMENT.......................................................6

  POINT I, ALL CLAIMS AGAINST DEFENDANT NJOHSP MUST BE DISMISSED BECAUSE IT IS ENTITLED TO SOVEREIGN IMMUNITY ......................................................6

  POINT II, ALL CLAIMS AGAINST DEFENDANT NJOHSP MUST BE DISMISSED BECAUSE IT IS NOT A "PERSON" ........................8

  POINT III, PLAINTIFF'S CLAIMS OF DEFAMATION MUST BE DISMISSED BECAUSE THEY ARE UNTIMELY AND BARRED BY THE STATUTE OF LIMITATIONS_ .......................................9

  POINT IV, PLAINTIFF'S CLAIMS ARE BARRED BY THE NEW JERSEY TORT CLAIMS ACT ........................................10

CONCLUSION....................................................12

**TABLE OF AUTHORITIES**

**Statutes**

```
42 U.S.C. § 1983............................................. 8,9
N.J.S.A. 59:8-9.............................................. 10
```

**Rules**

```
Rule 12(b)(1)..................................................4
Rule 12(b)(6)..................................................5
```

**PRELIMINARY STATEMENT**

Defendant, New Jersey Office of Homeland Security and Preparedness ("NJOHSP"), hereby moves to dismiss the Plaintiff, David Greco's, Complaint. Plaintiff, David Greco *pro se*, has filed this lawsuit against Defendants, Det. Lauren Laielli, Sgt. Frank Pace, and the New Jersey Office of Homeland Security and Preparedness alleging that the Defendants defamed him, based on purportedly false information given in a hearing on September 6, 2019 and an article published in NJ.com in November, 2019.

The Complaint should be dismissed for failure to state a claim on which relief can be granted. Indeed, not only is NJOHSP entitled to dismissal on the basis of sovereign immunity and because it is not a person amenable to suit under § 1983, but Plaintiff has filed this defamation suit outside the applicable statute of limitations. Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim on which relief can be granted.

**PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS[1]**

On September 6, 2019, a petition for a Temporary Extreme Risk Protection Order ("TERPO") under the ERPO Act was filed against

---

[1] The "facts" identified herein are those alleged in Plaintiff's Complaints, and relied upon by the NJOHSP for the purposes of this motion only.

1

Plaintiff in the New Jersey state court. ECF No. 1, 1-2.  A hearing on the petition was held before the Hon. Edward McBride, J.S.C. in which the named defendants, Det. Lauren Laielli and Sgt. Frank Pace, gave testimony. ECF No. 1-2. At the time of the hearing, Det. Laielli worked for the NJOHSP. ECF No. 1, p. 5, "Statement of the Claim."  As a result of that hearing, and the presumably entered TERPO, Plaintiff's home was searched on September 6, 2019 and his firearms were seized. ECF No. 1, p. 6.

On or about October 21, 2019, Plaintiff filed a lawsuit in the United States District Court for the District of New Jersey, Trenton Vicinage, which is referenced in the current suit. Exhibit A, 3:19-cv-19145. Plaintiff sued numerous Defendants, including the NJOHSP and unnamed Defendants including "those who anonymously identified themselves on September 5, 2019 with the pseudonym(s), 'New Jersey Homeland Security' and 'PDPACE2,'" i.e. Det. Laielli and Sgt. Pace. Exhibit A, ¶¶ 6, 16.  Plaintiff filed a three-count class action challenging the constitutionality of the ERPO Act, alleging a cause of action pursuant to 42 U.S.C. §1983 for violations of the First, Second, Fourth, and Fourteenth Amendments, and moving for preliminary injunctive relief. See generally, Exhibit A.  After motion practice, on December 11, 2020, the Court Dismissed the 2019 Complaint without Prejudice under the Younger doctrine due to the ongoing state proceeding under the ERPO Act. See December 11, 2020 Court Order and Opinion, attached

2

as Exhibit B and C, respectively.  The 2019 Complaint is still being litigated in the Court of Appeals for the Third Circuit, as Plaintiff filed a Motion for Clarification and/or Reconsideration on June 27, 2022.

Plaintiff *pro se*, filed the instant matter on June 16, 2022 against Defendants, Det. Lauren Laielli, Sgt. Frank Pace, and the New Jersey Office of Homeland Security and Preparedness. ECF 1. Plaintiff claims that the Defendants generally, and Laielli and Pace, specifically, defamed him by making false statements against him and/or submitting falsified records at the September 6, 2019 hearing before Judge McBride. ECF 1, p. 5. Plaintiff also alleges that the Defendants, generally, made defamatory statements to the Press.  Id.  As a result of the defamatory statements, he alleges emotional distress, physical damages, legal fees, and damage to his reputation. Id.

While Plaintiff alleges that the Defendants collectively spoke to the press, he does not indicate who spoke to the press or when. Id. at p. 8, ¶4c.  Plaintiff references and attaches an article by Joseph Atmonavage published on NJ.com on November 7, 2019, and updated on November 11, 2019, which references and quotes Plaintiff's 2019 filed Complaint and the attachments thereto, including the petition filed against Greco. ECF 1, generally; ECF 1-1; and Exhibit A.

**STANDARD OF REVIEW**

**A.   Rule 12(b)(1)[2]**

Under Federal Rule of Civil Procedure 12(b)(1), a claim can be dismissed for lack of subject matter jurisdiction. In evaluating a motion to dismiss under this Rule, a district court must first determine whether the defendant's motion attacks (1) the complaint as deficient on its face; or (2) the existence of subject matter jurisdiction in fact. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). A defendant's "facial attack" asserts that the plaintiff did not properly plead jurisdiction, whereas a defendant's "factual attack" involves an averment that jurisdiction is lacking based on facts outside of the pleadings. Smolow v. Hafer, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005).

Where a Rule 12(b)(1) motion facially attacks the complaint, the court must take all allegations in the complaint as true. Mortensen, 549 F.2d at 891. Where, however, the defendant attacks the court's subject matter jurisdiction in fact, no presumptive truthfulness attaches to the plaintiff's allegations, and the court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. In both scenarios, the plaintiff bears the burden of proving jurisdiction. Id.

---

[2] A motion to dismiss based on Eleventh Amendment sovereign immunity is appropriate under both Rules 12(b)(1) and 12(b)(6). See Carter v. City of Philadelphia, 181 F.3d 339, 343 (3d Cir. 1999).

4

**B.     Rule 12(b)(6)**

In lieu of filing an answer to a complaint, a defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under this Rule, a complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A pleading that simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." Id.

Under the Iqbal/Twombly pleading framework, a district court should undertake a three-prong analysis. See Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2009). First, the court should "tak[e] note of the elements a plaintiff must plead to state a claim." Id. Next, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). Finally, when a plaintiff's complaint contains "well-pleaded factual allegations," the allegations should be presumed veracious, and the court should ascertain whether they "plausibly give rise to an entitlement for relief." Malleus, 641 F.3d at 563. This finding requires more than a mere allegation of an entitlement to relief or demonstration of

5

the "mere possibility of misconduct." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

## LEGAL ARGUMENT

### POINT I

**ALL CLAIMS AGAINST DEFENDANT NJOHSP MUST BE DISMISSED BECAUSE IT IS ENTITLED TO SOVEREIGN IMMUNITY**

Sovereign immunity is derived from the Eleventh Amendment, which provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Despite the "limited terms" of the Amendment itself, Supreme Court cases unequivocally "establish that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (quoting Employees v. Missouri Dep't of Public Health and Welfare, 411 U.S. 279, 280 (1973)).

"Although the language of the Eleventh Amendment refers only to 'States,' the Supreme Court has held that the immunity extends to entities that are considered arms of the state." Bowers v. NCAA, 475 F.3d 524, 545 (3d Cir. 2007) (citing Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997), Pennhurst, 465 U.S. at 101). "A state entity is properly characterized as an arm of

6

the state and thus entitled to immunity from suit in a federal court under the [E]leventh [A]mendment when a judgment against it would have essentially the same practical consequences as a judgment against the State itself." Bowers, 475 F.3d at 545-46 (citing Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989). In other words, a state entity is entitled to sovereign immunity when it is "the real party in interest." Fitchik, 873 F.3d at 659. Moreover, because "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent," Hafer v. Melo, 502 U.S. 21, 25 (1991) (citation and internal quotes omitted), employees of such entities sued in their official capacities are entitled to Eleventh Amendment immunity as well. See also Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal citation omitted).

    In this matter, there is no question that the Defendant, NJOHSP, created by Executive Order #5 by former Governor Jon S. Corzine, is an arm of the state and thus entitled to immunity from suit in a federal court under the Eleventh Amendment. Therefore, it is entitled to dismissal with prejudice of all claims.

## POINT II

### ALL CLAIMS AGAINST DEFENDANT NJOHSP MUST BE DISMISSED BECAUSE IT IS NOT A "PERSON"

To the extent Plaintiff brings any claim pursuant to 42 U.S.C. § 1983, these must be dismissed as NJOHSP is not a "person." Section 1983, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The threshold issue in any § 1983 action is whether the named defendant qualifies as a "person" amenable to suit. In Will, 491 U.S. at 70-71, the Supreme Court held, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Importantly, although Will arose in state court and thus did not implicate the Eleventh Amendment directly, the Court relied heavily on the Eleventh Amendment and "decline[d] to adopt a reading of § 1983 that disregards it," reasoning that since Congress enacted § 1983 to "provide a federal forum for civil rights claims," its failure to disturb the States' sovereign immunity when it passed § 1983 suggested that it also did not intend to permit such claims against States in state court. Id. at

66-67. In so holding, the Court held that "States," "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," and State officials sued in their official capacities are not "persons" amenable to suit under § 1983. Id. at 70-71.

Because NJOHSP is an arm of the state, which means that it is not a "person" amenable to suit under § 1983, any Counts brought under § 1983 against the NJOHSP must be dismissed with prejudice.

### POINT III

**PLAINTIFF'S CLAIMS OF DEFAMATION MUST BE DISMISSED BECAUSE THEY ARE UNTIMELY AND BARRED BY THE STATUTE OF LIMITATIONS**

Here it is "apparent on the face of the [C]omplaint" that Plaintiff's claims are time-barred by the applicable statute of limitations. Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002)(citation omitted). Indeed, Plaintiff alleges that the defamatory statements were made on September 6, 2019 and that they were published in November 2019. In New Jersey, the statute limitations for bringing both a libel and slander action is one (1) year. N.J. Stat. Ann. § 2A:14-3. However, even using two years, Plaintiff's claims are untimely.

Here, the only claims Plaintiff articulates are based in defamation. As the defamatory statements were made, at latest in November 2019, Plaintiff is well beyond the statute of limitations and therefore, the claims should be dismissed with prejudice.

9

## POINT IV

**PLAINTIFF'S CLAIMS ARE BARRED BY THE NEW JERSEY TORT CLAIMS ACT**

Pursuant to the New Jersey Tort Claims Act, a Notice of Claim must be filed with a public entity within ninety (90) days of accrual of the cause of action, except as otherwise set forth in the saving provisions of N.J.S.A. 59:8-9. See N.J.S.A. 59:8-8. The controlling provision provides, in p:ertinent part, as follows

> A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of 6 months from the date notice of the claim is received, the claimant may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity or public employee if . . . [h]e failed to file his claim with the public entity within 90 days of accrual of this claim except as otherwise provide in section 59:8-9.

N.J.S.A. 59:8-8 (emphasis added). As the New Jersey Supreme Court has expressed, the purposes of the provisions set forth in N.J.S.A. 59:8-8 are:

> (1) To allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit; (2) to provide the public entity with prompt notification of a claim in order to adequately investigate the fats and prepare a defense; (3) to afford the entity a chance to correct the conditions or practices which gave rise to the claim (4) to inform the state in advance as to the

>    indebtedness or liability that it may be expected to meet.

Beauchamp v. Amedio, 164 N.J. 111, 121-22 (2000).

A plaintiff's failure to satisfy the time requirement constitutes an absolute bar to recovery against an entity where Title 59 is applicable. See, e.g., Karczewski v. Nowicki, 188 N.J. Super. 355, 357 (App. Div. 1982). Indeed, since the inception of the New Jersey Tort Claims, the New Jersey State Courts have routinely and consistently established that the powerful legislative mandate of the Act is to broadly limit public entity liability. See, e.g., Manna v. State, 129 N.J. 341, 346 (1992). Accordingly, it has always been and remains the intention of our Legislature that the Act be strictly construed to effectuate its avowed purpose. Hawes v. State of New Jersey Department of Transportation, 232 N.J. Super. 160, 164 (Law Div.), aff'd, 232 N.J. Super. 159 (App. Div. 1988).

Plaintiff's instant action asserts claims governed by the New Jersey Tort Claims Act, including defamation. However, upon information and belief, no notice under the Tort Claims Act has been served.

To the extent Plaintiff failed to serve same, his claims should be dismissed.

**CONCLUSION**

For the foregoing reasons, it is respectfully requested that this Court grant the New Jersey Office of Homeland Security and Preparedness's Motion to Dismiss, thereby dismissing all claims, including any cross-claims, against it with prejudice.

                                  Respectfully submitted,

                                  MATTHEW J. PLATKIN
                                ACTING ATTORNEY GENERAL OF NEW JERSEY

                        By: /s/ Christine Barris
                              Christine Barris
                              Deputy Attorney General
                              014622007

Date: August 16, 2022